IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

ENTERED
12/28/2012

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| WILLIAM CREGGETT and | ) | CASE NO. 10-33473-H3-13 |
| YOLANDA CREGGETT, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has considered the "Notice of Mortgage Payment Change" (Docket No. 139) filed by BAC Home Loan Servicing, LP, and the "Objection to BAC Home Loan Servicing, LP's Notice of Mortgage Payment Change, Docket #139" (Docket No. 142) filed by the Debtors.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

William Creggett and Yolanda Creggett ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 29, 2010.

On July 30, 2010, Home Loan Services, Inc. filed a proof of claim, in the amount of $166,778.45, stating an arrearage amount of $33,307.43, secured by real property located

at Lot 4, Block 2, of Louetta Glen, Sec. 1, Harris County, Texas. (Claim No. 29-1).

On May 31, 2010, Home Loan Services, Inc. filed a "Notice to Debtor, Trustee, and Debtor's Counsel of Mortgage Payment Adjustment."  The notice states monthly escrow payments of $290.40, based on an escrow analysis, resulting in a monthly payment of $1,246.18.  (Docket No. 29)

Debtors' second amended Chapter 13 plan (Docket No. 69) was confirmed by order entered on September 16, 2010.  (Docket No. 79).  The initial plan provided, with respect to the claim of Home Loan Services, Inc., for payment of regular monthly mortgage payments, plus cure of an arrearage claim in the amount of $33,307.43.  The regular monthly mortgage payments were stated in the plan to be in the amount of $1,246.18.  (Docket No. 69).

On October 7, 2010, BAC Home Loan Servicing, LP ("BAC") gave notice of transfer of the claim of Home Loan Services, Inc. to BAC.  (Docket No. 82).

On May 3, 2012, Debtors modified the Chapter 13 plan to provide for additional payment through the plan of five postpetition mortgage payments missed by Debtors.  The plan continued to provide for payment of $1,246.18 per month in ongoing mortgage payments.  Although BAC had given notice of transfer, Debtors' plan continued to identify the creditor in the

plan as Home Loan Services, Inc.  (Docket No. 126).[1]  The

modification filed on May 3, 2012 was approved, by order entered

on May 31, 2012 (Docket No. 129).

On October 2, 2012, BAC filed the instant Notice of

Mortgage Payment Change.  The instant notice purports to change

the mortgage payment from $1,246.18 to $2,607.90, based on an

asserted change in Debtors' monthly escrow account payment from

$0.01 to $1,652.12.  The instant Notice of Mortgage Payment

Change is prepared on Official Form B10S1.  BAC attached to its

notice correspondence purporting to be an escrow account review

for Debtors' loan.  The purported escrow account review states a

monthly escrow payment of $401.82 to cover homeowner's insurance,

county taxes, school taxes, and a special assessment tax.  The

purported escrow account review also states an escrow shortage

amount of $15,003.63.  The statement reflects a beginning escrow

shortage balance of $11,988.38 prior to November, 2012, but does

not provide specific information for any period prior to

November, 2012.  BAC states in the notice that the escrow amount

is calculated based on recovering the asserted escrow shortage

amount of $15,003.63 over twelve months, in the amount of

$1,250.30 per month.  (Docket No. 139).

---

[1]There were several other modifications filed prior to the
modification filed on May 3, 2012.  However, these modifications
did not change the treatment of BAC's claim.

In the instant objection, Debtors object to the Notice of Mortgage Payment Change, asserting that the amount of the escrow is inaccurate.  Debtors assert that BAC has not itemized the alleged payment of $11,988.38, or attached proof of payment. Debtors also seek sanctions under Bankruptcy Rule 3002.1(b), consisting of preclusion of BAC's presenting evidence in support of its Notice of Mortgage Payment Change, and an award of $750 in attorney fees.  (Docket No. 142).

BAC did not file a response to Debtors' objection to the Notice of Mortgage Payment Change.

At the hearing on the instant objection, Debtors' attorney, Wai Ping Cheung, testified that she spent two hours reviewing BAC's notice and preparing Debtors' objection, and an additional half hour preparing for and attending the hearing. Cheung testified that she bills her time at $200 per hour.

## Conclusions of Law

Bankruptcy Rule 3002.1 provides in pertinent part:

(a) In general. This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.

(b) Notice of payment changes. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

* * *

(d) Form and content. A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to Rule 3001(f).

* * *

(i) Failure to notify. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

(1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

(Rule 3002.1, Fed. R. Bankr. P.)

Bankruptcy Rule 3001(f) provides:

A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

(Rule 3001(f), Fed. R. Bankr. P.)

Bankruptcy Rule 3002.1 is silent as to a procedure for determination of a contested notice of payment change.  As a result, the court adopted the current Paragraph 4 of the Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments Adopted by the Court on September 29, 2005 (Last Amended Effective March 1, 2012), (the "Home Mortgage Payment Procedures").  Paragraph 4 provides:

4. Changes to payments on an Ongoing Mortgage are governed by FED. R. BANKR. P. 3002.1, which rule is incorporated into these procedures.

A. A Notice of Payment Change filed in accordance with FED. R. BANKR. P. 3002.1 shall be served on the Debtor and Debtor's counsel not later than the first business day after the Notice of Payment Change is filed.  The claimant must file a certificate of service with the Clerk, with a copy of the Notice of Payment Change attached, within 5 days of service.

B. Subject to paragraph 4C hereof, if a Notice of Payment Change is filed in accordance with FED. R. BANKR. P. 3002.1 and if there has been compliance with paragraph 4A hereof, the chapter 13 trustee shall commence payments on the Ongoing Mortgagee in the changed amount beginning with the next payment due under the Ongoing Mortgage at least 21 days after the filing of the notice.

C. The chapter 13 trustee shall not make payments on the Ongoing Mortgage at the changed amount if:

i. A timely objection to the Notice of Payment Change is filed, and the chapter 13 trustee has filed a motion seeking a stay of the Notice of Payment Change; or

ii. The Debtor has sought and obtained a stay of the Notice of Payment Change.

D. If a Notice of Payment Change is stayed, but later determined to have been correct, then the Debtor shall be required to make all additional payments that accrued during the period of the stay within 30 days of the date the stay is terminated with interest on such amounts at the non-default contract rate under the Ongoing Mortgage.

E. If a Notice of Payment Change is implemented, but later determined to have been incorrect, then the Debtor shall be allowed to recoup any excess payment that was made plus interest on such amounts at the contract rate under the Ongoing Mortgage.

6

(Home Mortgage Payment Procedures)

        In the instant case, the court has stayed the payment change stated in the Notice of Mortgage Payment Change filed by BAC.  (Docket No. 144).  Pursuant to Bankruptcy Rules 3002.1(d) and 3001(f), the Notice of Mortgage Payment Change does not enjoy a presumption of validity.  The claimant failed to respond, or to appear in support of its Notice of Mortgage Payment Change.  The court concludes that the Notice of Mortgage Payment Change should be determined to be incorrect.

        Bankruptcy Rule 3001(c) provides in pertinent part:

(c) Supporting information.

    (1) Claim Based on a Writing.  When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

    (2) Additional Requirements in an Individual Debtor Case; Sanctions for Failure to Comply.  In a case in which the debtor is an individual:

        (A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

        (B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.

(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim.  If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

(i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

(Rule 3001(c), Fed. R. Bankr. P.)

Both Bankruptcy Rule 3002.1 and the current Bankruptcy Rule 3001(c) were adopted to take effect on December 1, 2011.

In the instant case, the proof of claim filed by Home Loan Services, Inc. predated the requirement to use the Official Form designated for attachment to a proof of claim regarding a security interest in the debtor's principal residence.[2]  The Notice of Mortgage Payment Change filed by BAC is filed pursuant

---

[2]Official Form B10A.

to Official Form B10S1.  Thus, in the instant case, BAC's failure

to provide documentation of the escrow amount in its Notice of

Mortgage Payment Change does not give rise to the need for an

award of sanctions, either under Bankruptcy Rule 3002.1(i) or

Bankruptcy Rule 3001(c)(2)(D).

Based on the foregoing, a separate conforming Judgment

will be entered.

Signed at Houston, Texas on December 28, 2012.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE